The National City Bank of New York, demandante y ape-
lante, *v.* J. Martínez Llonín, demandado y apelado.

No. 4824.—*Sometido:* Diciembre 17, 1928. *Resuelto:* Enero 18, 1929.

Hartzell, Kelley & Hartzell y R. O. Fernández, abogados de la ape-
lante; H. Torres Solá y M. Tous Soto, abogados del apelado.

El Juez Asociado Señor Aldrey, emitió la opinión del tri-
bunal.

El taquígrafo de la Corte de Distrito de San Juan
radicó en la secretaría de la misma el 14 de octubre de 1927
su transcripción de la evidencia para la apelación interpuesta
por el demandado José Martínez Llonín contra la sentencia
que lo condenó a pagar cierta cantidad de dinero al deman-
dante. Algunos meses después, el 17 de abril de 1928, el
apelado propuso enmiendas a esa transcripción, y según
certifica el secretario de dicha corte en 28 de noviembre si-
guiente hasta esa fecha no le ha sido entregada la trans-

1

cripción de la evidencia para remitirla a este tribunal. Ese mismo día 28 de noviembre la apelada nos presentó moción notificada en igual fecha al apelante y acompañada de dicha certificación solicitando que desestimemos la apelación.

El apelante se opuso el 17 de diciembre a la desestimación alegando su abogado bajo su juramento que convino con el abogado de la apelada en entregar la solicitud de enmiendas al taquígrafo para que hiciera en la transcripción las enmiendas interesadas, haciendo los cambios necesarios en algunas de las páginas del pliego y remitiéndolo en seguida al juez sentenciador, quien aceptó esa forma convenida entre las partes: que a pesar de las gestiones hechas con el taquígrafo éste demoró hacer las enmiendas, viéndose obligado el juez a requerir al taquígrafo para que presentara el pliego en la forma en que estuviera, lo que hizo sin enmendar pero le fué devuelto para que hiciera las enmiendas, y que ya está aprobada la transcripción. Con esa oposición acompañó una declaración jurada de Miguel A. Muñoz haciendo constar que fué el juez que presidió el juicio en este caso; que algún tiempo después de haber cesado en ese cargo lo visitó en su oficina de la Comisión de Servicio Público el abogado del apelante preguntándole si le había sido remitida una transcripción de evidencia en este caso: que después recibió una comunicación de la Corte de Distrito de San Juan al efecto de señalar día para la aprobación de la transcripción de la evidencia, pero debido al exceso de trabajo que tenía, a su salida de esta isla en asuntos oficiales y a la reorganización de las oficinas de la Comisión de Servicio Público no pudo hacer un señalamiento inmediato: que durante ese tiempo lo visitaron en su oficina el apelante, un yerno de éste y el abogado Manuel Tous Soto, indicándole el último que se había puesto de acuerdo con los abogados de la parte contraria en cuanto a enmiendas que debían ser hechas en la transcripción de la evidencia y que habían convenido en que fueran hechas de una vez, con cuyo motivo el pliego fué devuelto al taquígrafo: que

el señor Tous Soto se acercó varias veces a su oficina para enterarse si los autos le habían sido remitidos y que durante los dos últimos meses un representante de Martínez Llonín ha comparecido constantemente en su oficina para que se resolviese la aprobación de la transcripción de la evidencia, pero debido a que después del temporal último ha trabajado hasta muy tarde no ha podido dedicar todo el tiempo necesario a este asunto, cuya vista tuvo lugar el 26 de noviembre pero que como todavía el taquígrafo no ha terminado su trabajo está pendiente de aprobación el pliego. Esta declaración tiene fecha 7 de diciembre: el 14 del mismo mes fué aprobada la transcripción de la evidencia y tres días después fué radicada en este tribunal, dos días antes de ser vista la moción de desestimación.

Este caso es una demostración de los peligros de tramitar una apelación mediante una transcripción de la evidencia, pues como los derechos de la parte que obtuvo la sentencia a su favor no deben quedar a merced de que un taquígrafo sea negligente en el cumplimiento de su deber, ni éste tiene derecho a demorar las apelaciones, desestimaríamos el presente recurso, que ha estado paralizado por muchos meses para hacer las enmiendas y sin prórrogas de la corte, a no ser por la declaración jurada del juez que dictó la sentencia, ya que de ella aparece que sus ocupaciones le impidieron dar a este asunto la debida atención a pesar de que la parte apelante gestionó frecuentemente con él para que la transcripción fuese aprobada.

■ También se nos pide que desestimemos la apelación por ser frívola, pero aunque este pleito tiene por objeto el cobro al apelante de una obligación constante en un pagaré que él suscribió en unión de otras personas como deudor mancomunado y solidario por valor recibido, obligación que está vencida, y aunque él acepta que puso su firma en ese documento y que no está pagado, sin embargo, quizá no sea frívola su apelación contra la sentencia que lo condena a pagarlo en vista de las condiciones especiales de esa obli-

gación y de lo que aparece de la prueba, que no expondremos ahora para no prejuzgar las cuestiones entre las partes, y permitiremos que continúe este recurso para resolverlo después de ser oídas las partes sobre las cuestiones que pueden surgir en este caso.

*La moción de desestimación debe ser negada.*